1 Vanessa R. Waldref
2 United States Attorney
  Eastern District of Washington
3 Dominique Juliet Park
4 Assistant United States Attorney
  Post Office Box 1494
5 Spokane, WA 99210-1494
6 Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>       v.<br><br>TYRELL WADE NAULT,<br><br>                  Defendant. | 2:20-CR-00161-SAB<br><br>Fed. R. Crim. P. 11(c)(1)(C)<br>Plea Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dominique Juliet Park, Assistant United States Attorney for the Eastern District of Washington, and Defendant, TYRELL WADE NAULT, and Defendant's counsel, John Stephen Roberts, Jr., agree to the following Plea Agreement:

1. <u>Guilty Pleas and Maximum Statutory Penalties</u>:

The Defendant, pursuant to Fed. R. Crim. P. 11(c)(1)(C), agrees to enter pleas of guilty to Counts 1 and 2 of the Indictment filed on November 17, 2020, charging him with Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Defendant understands that the maximum statutory penalties for the

PLEA AGREEMENT - 1

offenses are as follows:

*Count One*, a class C felony, is subject to not more than a 20-year term of imprisonment; not less than three years of supervised release or more than life; a fine not to exceed $1,000,000; and a mandatory $100 special penalty assessment.

*Count Two*, a class C felony, is subject to not more than a 10-year term of imprisonment; not more than three years of supervised release; a fine not to exceed $250,000; and a mandatory $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. Denial of Federal Benefits:

The Defendant understands that by entering his pleas of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Securities Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

3. The Court is Not a Party to the Plea Agreement:

The Court is not a party to the Plea Agreement and may accept or reject it. Sentencing is a matter solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up

PLEA AGREEMENT - 2

to the statutory maximum penalties stated in the Plea Agreement. The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon. The Defendant further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

4. <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering these pleas of guilty he is knowingly and voluntarily waiving certain constitutional rights, including:

    (a)    The right to a jury trial;

    (b)    The right to see, hear and question the witnesses;

    (c)    The right to remain silent at trial;

    (d)    The right to testify at trial; and

    (e)    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands that he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if he cannot afford to hire an attorney. The Defendant acknowledges that any pretrial motions currently pending before the Court are waived.

5. <u>Elements of the Offenses</u>:

(a) *Count One:*

The United States and the Defendant agree that in order to convict the Defendant of Possession with Intent to Distribute a Mixture or Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the United States

PLEA AGREEMENT - 3

would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about May 29, 2020, in the Eastern District of Washington, the Defendant, TYRELL WADE NAULT, knowingly possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and
>
> *Second*, the Defendant possessed the methamphetamine with the intent to distribute it to another person.

(b)  *Count Two:*

The United States and the Defendant agree that in order to convict the Defendant of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about May 29, 2020, in the Eastern District of Washington, the Defendant, TYRELL WADE NAULT, knowingly possessed a firearm and ammunition, to wit: a Ruger, model EC9s, 9mm caliber pistol, bearing serial number 454-75786, and ammunition, to wit: one round of 9mm caliber ammunition, bearing head stamp ".FC 9MM.LUGER" and five rounds of 9 mm caliber ammunition, bearing head stamp "COR-BON 9mm LUGER +P";
>
> *Second*, the firearm and ammunition had been shipped or transported in interstate and/or foreign commerce;
>
> *Third*, at the time the Defendant possessed the firearm and ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and
>
> *Fourth*, at the time the Defendant possessed the firearm or ammunition, the Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

6. Statement of Facts:

The United States and the Defendant stipulate and agree that the United States could prove the following facts beyond a reasonable doubt at trial, that these facts are accurate, and these facts constitute an adequate factual basis for the Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in the Plea Agreement.

On May 29, 2020, law enforcement arrested the Defendant, TYRELL WADE NAULT (hereinafter referred to as the "Defendant"), and his girlfriend as they were about to get into their vehicle in the parking lot of a hotel in Spokane Valley, Washington. At the time, they were subject to arrest warrants related to criminal proceedings in Montana. During a search incident to arrest, law enforcement found $1,355 in US currency, a cell phone, a baggie of approximately 32 pills which tested positive for Oxycodone, and a loaded firearm on the Defendant's person. Law enforcement later determined through database checks that the firearm was stolen.

During a court authorized search of the Defendant's vehicle, law enforcement found, among other things, a digital scale, $222 in US currency, a cell phone, and several baggies containing a white crystalline substance. Law enforcement field tested the white crystalline substance which tested positive for the presence of methamphetamine.

The Defendant knew at the time of his arrest that he had in his vehicle a significant amount of methamphetamine, which he intended to distribute at a later time in exchange for money or other benefits.

On March 3, 2021, a forensic chemist with the U.S. Drug Enforcement Administration Western Regional Laboratory analyzed the methamphetamine found in the Defendant's vehicle. The chemist concluded that the total amount of actual (pure) methamphetamine was approximately 81 grams.

PLEA AGREEMENT - 5

The firearm and ammunition the Defendant possessed— a Ruger, model EC9s, 9mm caliber pistol, bearing serial number 454-75786, and ammunition, to wit: one round of 9mm caliber ammunition, bearing head stamp ".FC 9MM.LUGER" and five rounds of 9 mm caliber ammunition, bearing head stamp "COR-BON 9mm LUGER +P," — were examined by Special Agent Michael Northcutt with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Special Agent Northcutt determined that the items were manufactured outside the state of Washington.

The Defendant agrees and stipulates that at the time he possessed the firearm and ammunition, he had previously been convicted of multiple offenses that were punishable by imprisonment for terms exceeding one year. The Defendant further agrees and stipulates he knew he was prohibited from lawfully possessing firearms and ammunition based upon this criminal history.

7. <u>The United States Agrees:</u>

(a) *To Dismiss Charges*

At the time of sentencing, the United States agrees to move to dismiss Count 3 of the Indictment, which charges the Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

(b) *Not to File Additional Charges*

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of the Plea Agreement involving illegal activity charged in the Indictment or related this investigation, unless the Defendant breaches the Plea Agreement.

(c) *Not to File Penalty Enhancement:*

The United States agrees not to file a Penalty Enhancement against the Defendant based upon his two prior qualifying drug conviction.

8. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

(a) *Count One:*

(i) *Base Offense Level and Application of Relevant Conduct:*

The United States and the Defendant stipulate and agree that there was 81 grams of actual or pure methamphetamine seized in this case and that amount properly reflects the application of relevant conduct. Therefore, the parties stipulate and agree that the **base offense level is 30** pursuant to USSG § 2D1.1(a)(5).[1]

(ii) *Specific Offense Characteristics:*

The United States and the Defendant stipulate and agree that, because the Defendant possessed a firearm, a **2-level** increase applies, pursuant to USSG § 2D1.1(b).

(b) *Count Two:*

(i) *Base Offense Level:*

The United States will recommend that the **base offense level is 20** pursuant to USSG § 2K2.1(a)(4) because the instant offense was committed after sustaining one felony controlled substance conviction.

(ii) *Specific Offense Characteristics:*

---

[1] The parties further agree and stipulate that if the Court were to convert the varying amounts and types of controlled substances as directed by the Guidelines pursuant to this section, the resulting offense level would remain the same. The Defendant may argue at sentencing that a disparity exists based on the purity of methamphetamine versus a mixture of methamphetamine in support of his argument for a 120 month term of imprisonment.

PLEA AGREEMENT - 7

The United States and the Defendant stipulate and agree that, because the Defendant possessed a stolen firearm, a **2-level** increase applies, pursuant to USSG § 2K2.1(b)(4)(A).

The United States and the Defendant stipulate and agree that, because the Defendant possessed the firearm in connection with another felony offense, a **4-level** increase applies, pursuant to USSG § 2K2.1(b)(6)(B).

(c) *Multiple Counts:*

Pursuant to USSG §3D 1.2, the United States and the Defendant agree that Counts 1 and 2 are to be grouped.

(d) *Acceptance of Responsibility:*

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Agreement; and enters pleas of guilty **no later than the Pre-Trial conference**; the United States will move for a three (3)-level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3)-level reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever.

(e) *Criminal History:*

The United States and the Defendant have made no agreement and make no representations as to the Defendant's Criminal History Category, which shall be determined by the Court at sentencing after review of the Presentence Investigation Report.

9. <u>Departures</u>:

There are no aggravating or mitigating factors with respect to the correct calculation of the Sentencing Guidelines. The United States and the Defendant stipulate and agree that neither party will seek an upward or a downward departure from the applicable Guidelines, unless one is necessary to effectuate the terms of the Plea Agreement; if this is the case, the parties waive any objection to such a departure.

10. <u>Length of Incarceration</u>:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and the United States agree that a sentencing range of 120-151 months is an appropriate disposition of this case. The United States will recommend a sentence of 151 months and the Defendant will recommend a sentence of 120 months. The Defendant may recommend that the sentence imposed by the Court run concurrently to any resultant imprisonment stemming from pending probation violations in Montana Case Nos. DC-17-32 (Hill County, Montana), DC-17-128 (Hill County, Montana) and DC-19-001 (Hill County, Montana).

If the Court rejects the Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(5), the Defendant and the United States agree that they each may withdraw from the Plea Agreement. If the Defendant withdraws from the Plea Agreement, the Defendant may withdraw his pleas of guilty. If the United States withdraws from the Plea Agreement, the United States may prosecute the Defendant for any and all criminal conduct involving or relating to the underlying facts and circumstances of this case.

11. <u>Criminal Fine</u>:

The United States and the Defendant agree to recommend the Court impose no criminal fine.

12. <u>Supervised Release</u>:

The United States and the Defendant agree to jointly recommend that the Court impose a three-year term of supervised release as to Counts 1 and 2, to include the

PLEA AGREEMENT - 9

following special conditions, in addition to the standard conditions of supervised release:

  (a) Defendant shall participate and complete such drug and alcohol testing and drug and alcohol treatment programs as the Probation Officer directs; and

  (b) Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

  13. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $200 mandatory special assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States as proof of this payment.

  14. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program if the Court sentences the Defendant to a term of incarceration.

  15. <u>Additional Violations of Law Can Void Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever.

  16. <u>Waiver of Appeal and Collateral Attack Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal the convictions and sentence if the Court imposes a term of imprisonment pursuant to the terms of this Rule 11(c)(1)(C) plea agreement.[2]

---

[2] The Defendant retains the right of appeal if the Court imposes a sentence greater than 151 months of imprisonment.

PLEA AGREEMENT - 10

If the Court sentences the Defendant outside the Rule 11(c)(1)(C) and the Defendant chooses *not* to withdraw the following applies: the Defendant agrees to waive his right to appeal the conviction and sentence if the Court imposes a prison term no higher than the high end of the applicable guideline range as determined by the Court and imposes no more than 3 years supervised release. If the Court imposes a sentence higher than the high end of the applicable guideline range and/or greater than 3 years of supervised release, the Defendant may appeal only the substantive reasonableness of his sentence.

The Defendant further expressly, waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel, based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate the Indictment; and the United States may prosecute the Defendant on all available charges involving or arising from his participation in criminal conduct under federal law. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

17. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington,

PLEA AGREEMENT - 11

and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____     December 1, 2021
Dominique Juliet Park                                        Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     12-2-21
TYRELL WADE NAULT                                        Date
Defendant

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with the Defendant. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in Defendant's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason

PLEA AGREEMENT - 12

why the Court should not accept the Defendant's plea of guilty.

_____   12/2/2021
John Stephen Roberts, Jr.                Date
Attorney for the Defendant

PLEA AGREEMENT - 13