Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dominique Juliet Park
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYRELL WADE NAULT,<br><br>Defendant. | Case No. 2:20CR00161-SAB<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dominique Juliet Park, Assistant United States Attorney for the Eastern District of Washington, submits this filing as its justification regarding the Plea Agreement and sentencing recommendation. For the reasons outlined below, the United States requests that the Court accept the Plea Agreement negotiated between the parties and sentence Tyrell Wade Nault (hereinafter "Defendant") to a 151-month term of imprisonment, along with a three-year term of supervised release.

## THE PLEA AGREEMENT

The Plea Agreement, filed at ECF No. 33, allows the United States to request a sentence that includes a 151-month term of imprisonment. The Plea Agreement also allows Defendant to request a 120-month term of imprisonment even though

that is below the advisory sentencing guideline range referenced in the Presentence Investigation Report ("PSR"). ECF No. 33 at ¶ 10. The parties negotiated a sentencing range of 120 to 151 months' imprisonment by taking into consideration Defendant's youth, his criminal history, the amount of time that he remains subject to serve in the custody of the Montana Department of Corrections, and the greatest length of incarceration that he has served to date. Based on these factors, and others, the parties believe that this negotiated sentencing range will result in a fair disposition of the case.

## SENTENCING CALCULATION

i. <u>Base offense level & enhancements</u>

The United States agrees that Count 1, Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and Count 2, Felon in Possession of a Firearm, are grouped for guideline calculation purposes under USSG §3D1.2(c) because one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to the other count. PSR ¶ 33.

The United States agrees that Defendant's base offense level is 30 under USSG §2D1.1(a)(5) due to the drug quantity in this case. PSR ¶ 34. The United States agrees that Defendant's offense level is increased by two-levels under USSG § 2D1.1(b)(1) because Defendant possessed a firearm on the date of the offense. PSR ¶ 35.

The United States agrees that Defendant qualifies for acceptance of responsibility, including the third level off, under USSG §3E1.1(a) and (b). PSR ¶¶ 41-42. These calculations bring Defendant's total adjusted offense level to 29. PSR ¶ 43.

Finally, the United States agrees that Defendant's criminal history score is 10 with a resultant criminal history category ("CHC") of V. PSR ¶¶ 82, 84. Based on

a total adjusted offense level of 29 and a CHC of V, Defendant's advisory guideline range is 140 to 175 months' imprisonment. PSR ¶ 160.

## SENTENCING RECOMMENDATION

In determining what sentence to impose, the Court is required to consider the factors enumerated in 18 U.S.C. § 3553(a). These factors include, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to promote respect for the law, the need to deter criminal conduct, and the need to protect the public. Given the seriousness of Defendant's contacts with law enforcement as they relate to drug trafficking activity, the United States recommends a sentence of 151 months' imprisonment as sufficient but not greater than necessary to accomplish the goals of sentencing.[1]

At the time of the offense conduct, Defendant was approximately twenty-one years of age. There was a warrant for his arrest out of Montana because he was alleged to have violated the conditions of his release in connection with deferred and/or suspended drug charges. PSR ¶¶ 9, 61. The PSR reflects that in Defendant's relatively short lifetime, he has had a number of contacts with law enforcement as a result of drug trafficking-related activities. For example, in November 2017, Defendant was charged with having committed multiple drug violations (Montana Case No. DC-17-128). PSR ¶¶ 61, 64. Around this time, law enforcement arrested Defendant after locating him in a residence that had a "weapon, $1,500 of U.S.

---

[1] The Plea Agreement permits Defendant to request that the sentence imposed by the Court run concurrently to any resultant imprisonment stemming from pending probation violations in Montana Case Nos. DC-17-32 (Hill County, Montana), DC-17-128 (Hill County, Montana) and DC-19-001 (Hill County, Montana). The Court has authority to order concurrent sentencing under 18 U.S.C. § 3584.

3

currency, drug paraphernalia, cocaine, suspected methamphetamine (approximately 34.5 grams), and marijuana (.4 grams)." PSR ¶ 64.

As another example, in December 2018, Defendant was charged in an additional case with Criminal Possession of Dangerous Drugs With Intent to Distribute (Montana Case No. DC-19-001). PSR ¶¶ 77, 80. Around this time, law enforcement arrested Defendant in a hotel room that he refused to leave, along with "34.3 grams of methamphetamine, bindle papers, tinfoil with burned residue, two digital scales, 9mm ammunition, and a Samsung phone." PSR ¶ 80.

And, in July 2020, Defendant, who was subject to a no bond felony nationwide warrant, fled from law enforcement while driving his vehicle at speeds of more than 100 miles per hour up to 121 miles per hour.[2] PSR ¶ 93. Because Defendant's conduct subsequent to these earlier criminal cases has led to the issuance of bench warrants, petitions to revoke release conditions, and more recently, this current federal case, Defendant is facing additional time in the Montana Department of Corrections. Significantly, the PSR notes that in connection with Montana Case No. DC-19-001, Defendant will be incarcerated until April 22, 2027. PSR ¶ 81.

Despite receiving leniency in the form of deferred and/or suspended charges, Defendant showed no apparent willingness to change his dangerous behaviors. Rather, he continued on with his drug trafficking-related activities such that he was charged in this case on November 17, 2020 with Possession With Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine (Count 1), Felon in Possession of a Firearm and Ammunition (Count 2), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 3). ECF No. 1.

---

[2] The PSR notes in a separate incident, sometime after April 2020, Defendant fled from law enforcement while driving his vehicle at speeds in excess of 100 miles per hour. PSR ¶ 9. Defendant eventually crashed his vehicle and fled by foot. *Id.*

4

The offense conduct, as noted in the PSR, reflects that in May 2020, law enforcement, who had a warrant for Defendant's arrest, located Defendant at a hotel in Spokane Valley, Washington. PSR ¶ 11. During this encounter, law enforcement found Defendant in possession of a loaded firearm that was stolen, $2,100 in U.S. currency, and a bag of blue pills later identified as oxycodone 30mg. *Id*. Law enforcement also found approximately 81 grams of mostly pure (actual) methamphetamine in Defendant's vehicle. PSR ¶¶ 13, 17-19.

The nature and circumstances of the offenses that have brought Defendant before the Court are extremely concerning. The picture that the United States has of Defendant is exacerbated by his criminal history, which includes evidence of involvement in drug trafficking activities for quite some time, and associated criminal conduct such as obstruction of justice (e.g. PSR ¶ 63) and several instances of fleeing from law enforcement. Due to the seriousness of Defendant's offense conduct, the United States recommends a sentence of 151 months' imprisonment. The United States submits that a sentence of this length takes into consideration the facts and circumstances of Defendant's escalating criminal conduct, will hold Defendant accountable for his conduct, and should discourage him from engaging in future criminal conduct. Just as importantly, a sentence of this length will offer the public much needed protection from the Defendant.

Finally, the United States requests, consistent with the Plea Agreement, that the Court impose a special condition, that is, Defendant shall participate and complete such drug and alcohol testing and drug and alcohol treatment programs as may be directed by U.S. Probation. ECF No. 33 ¶ 12(a). The PSR outlines in detail Defendant's struggles with drug addiction, and particularly, addiction to methamphetamine. PSR ¶ 111. Defendant's introduction to methamphetamine at the age of 17 appears to coincide with his downward spiral into drug trafficking-related activities. However, as the PSR notes, Defendant has yet to successfully

complete a drug treatment program. PSR ¶ 112. Accordingly, the United States submits that any sentence imposed must take into consideration Defendant's history of substance abuse and his need to receive treatment as contemplated by 18 U.S.C. § 3553(a)(2)(D).

## CONCLUSION

For the above reasons, the United States requests that the Court sentence Defendant to a 151-month term of imprisonment, along with a three-year term of supervised release. The United States submits that this proposed sentence is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

Vanessa R. Waldref
United States Attorney

s/ *Dominique Juliet Park*
Dominique Juliet Park
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Dominique Juliet Park, hereby certify that on March 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Steve Roberts, Assistant Federal Defender
Steve.roberts@fd.org

>  *s/ Dominique Juliet Park*
> Dominique Juliet Park
> Assistant United States Attorney